Samantha C. Grant (SBN 198130)
REED SMITH LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299
Email: sgrant@reedsmith.com

Jeffrey Elkrief (SBN 321030)
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email:  jelkrief@reedsmith.com

Attorneys for Defendant
SIEMENS MOBILITY, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS WALKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SIEMENS MOBILITY, INC., a Delaware corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants | Case No.<br><br>[Superior Court of California, Sacramento County Case No. 34-2022-00331504-CU-OE-GDS]<br><br>**DEFENDANT SIEMENS MOBILITY INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet, Declarations of Jeffrey Elkrief and Tami Wolownik, and Corporate Disclosure Statement]*<br><br>Complaint Filed:   December 16, 2022<br>Trial Date:              None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on this date, Defendant Siemens Mobility, Inc. ("Siemens") hereby removes the above-entitled action from the Superior Court of California for the County of Sacramento to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332 and 1441. Siemens removes this action pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff Marquis Walker ("Plaintiff"), on the one hand, and Siemens, on the other hand, and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court of California for the County of Sacramento. *See* 28 U.S.C. section 1446(d).

Siemens removes this action to United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

1. On December 16, 2022, Plaintiff filed a complaint (the "Complaint") entitled *Marquis Walker v. Siemens Mobility, Inc.,; and Does 1 through 10*, Case No. 34-2022-00331504, in the Superior Court of the State of California for the County of Sacramento (the "State Court Action").

2. On January 17, 2023, Plaintiff served Siemens with the Summons and Complaint in the State Court Action. A true and correct copy of the Complaint served on Siemens ("Complaint") are attached as **Exhibit A** to the declaration of Jeffrey Elkrief ("Elkrief Decl."). A true and correct copy of the Summons served on Siemens is attached to the Elkrief Decl. as **Exhibit B**. Along with the Summons and Complaint, Plaintiff also served Siemens with a Notice of Case Management Conference and Order to Appear, a true and correct copy of which is attached to the Elkrief Decl. as **Exhibits C**, respectively.

3. On February 1, 2023, Siemens filed and served an Answer in the State Court Action. A true and correct copy of the Answer is attached to the Elkrief Decl. as **Exhibit D**.

4. **Copies of All Process, Pleadings and Orders.** The Summons, Complaint, Notice of Case Management Conference and Order to Appear, and Answer (Exhibits A-D to the Elkrief Decl.)

1  constitute all process, pleadings and orders in the State Court Action within the meaning of 28 U.S.C.
2  section 1446(a). Elkrief Decl. ¶ 7.

3      5.   **All Named Defendants Join in Removal.**  Siemens is the only named defendant in
4  this action and the only defendant served with the Summons and Complaint, so there are no other
5  parties to join in this Notice of Removal.  Defendant "Does 1 through 10" have not been identified,
6  nor is there any record of their having been served with the Summons or the Complaint in the State
7  Court Action.  28 U.S.C. § 1441(a).

8      6.   **Removal is Timely.**  This Notice of Removal is being filed within thirty (30) days after
9  the State Court Action became subject to removal on January 17, 2023 and within one year of the date
10 the State Court Action was filed on December 16, 2022.  Therefore, the Notice of Removal is timely
11 filed pursuant to 28 U.S.C. section 1446(b).

12     7.   **Proper Venue.**  The United States District Court for the Eastern District of California
13 is the District within which said Superior Court of California for the County of Sacramento case is
14 pending.

## DIVERSITY JURISDICTION

16     8.   This Court has original jurisdiction of this action based upon diversity of citizenship
17 under 28 U.S.C. section 1332.  Siemens may remove the State Court Action to this Court, pursuant to
18 the provisions of 28 U.S.C. section 1441(b), because it is a civil action between citizens of different
19 states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
20 costs. Complete diversity of citizenship exists because:

21     9.   **Plaintiff's Citizenship.**  Allegations on information and belief as to citizenship are
22 sufficient to support removal. *See Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir.
23 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief.").
24 Siemens is informed and believes that Plaintiff is at the time of filing this Notice of Removal and
25 was, at the time of filing his Complaint, a citizen of the State of California, within the meaning of 28
26 U.S.C. Section 1332(a).  Declaration of Tami Wolownik ("Wolownik Decl."), ¶ 3.  Moreover, "a
27 plaintiff who alleges he or she is a resident of a state in a state court complaint creates a rebuttable
28 presumption of domicile in that state." *Dourian v. Stryker Corp.*, No. CV 12-1790 DSF (CWX),

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2012 WL 12893752, at *1 (C.D. Cal. Apr. 25, 2012).  Plaintiff concedes in the Complaint that "At all relevant times herein, PLAINTIFF was a resident of California in the County of Sacramento" *See* Complaint, ¶ 1.

10. **Defendant Siemens' Citizenship.**  Pursuant to 28 U.S.C. section 1332(c)(1), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.  Siemens is a now and was, at the time of filing the State Court Action, a citizen of New York and Delaware – not California, as shown below.

11. Siemens is incorporated in the state of Delaware. Wolownik Decl. ¶ 4.

12. Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010).  Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *See Hertz Corp.*, 130 S. Ct. 1181 at 1183.  The nerve center "should normally be the place where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184.  The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

13. Siemens is a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in New York.at the time of filing this Notice of Removal, as established by the following facts:

14. Siemens' corporate headquarters is in New York. Its corporate headquarters is where core executive and administrative functions are lead and executive and administrative officers are located. Specifically, Siemens' corporate headquarters is located at One Penn Plaza, Suite 1100, New York, NY 10119, where the following corporate activities are lead: communications, public relations, marketing, strategy, diversity, legal quality and project excellence, sales, and maintenance of corporate records. The phrase "administrative functions" as used in this paragraph means Siemens' high-level finance and accounting functions and compliance functions, among other administrative functions.

15. As such, Siemens is a citizen of the State of Delaware and the State of New York and not a citizen of the State of California. Therefore, Plaintiff and Siemens are citizens of different states.

16. **Doe Defendants**.  Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 18 U.S.C. section 1332.  *Firstos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 415 (D. Haw. 1996) ("[I]n light of Ninth Circuit case-law, this Court finds that Doe defendants do not destroy diversity jurisdiction.").  Thus, the existence of Doe Defendants 1-10 does not deprive the Court of jurisdiction.

17. **The Amount in Controversy Exceeds $75,000.**  Where a plaintiff does not specify a particular amount of damages in the Complaint, a removing defendant must show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of the court.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Therefore, Siemens needs to show only that there is a "reasonable probability that the stakes exceed," $75,000.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).  A defendant is not obliged to research, state and prove Plaintiff's claims for damages.  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum.  *Singer*, 116 F.3d at 377.

18. The amount in controversy is based on the assumption that Plaintiff prevails on all claims.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint").  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).  That the amount in controversy is assessed at the time

of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

19. **Damages Sought.**  Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Siemens), the amount in controversy is in excess of $75,000, exclusive of interest and costs.  Although Plaintiff does not pray for a specific dollar amount in his Complaint, he alleges claims for: (1) Racial Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Prevent Racial Discrimination and Retaliation in Violation of the FEHA; (3) Retaliation in Violation of the FEHA; (4) Retaliation in Violation of California Labor Code §§ 98.6 and 1102.05; and (5) Wrongful Constructive Discharge in Violation of Public Policy. *See* Complaint, ¶¶ 26-71.

In connection with his claims, Plaintiff seeks compensation for lost wages (past and future), other employment benefits, and civil penalties. *See Id.*, ¶¶ 32, 42, 54, 59; Prayer for Relief.  Further, Plaintiff seeks damages for "humiliation, emotional distress, and mental and physical pain and anguish..." *Id.* at ¶¶ 32, 42, 54, Prayer for Relief.  Plaintiff also seeks punitive damages. *Id*. at ¶¶ 33, 43, 55, Prayer for Relief.  Finally, Plaintiff seeks attorneys' fees. *Id*. at ¶¶ 34, 44, 54, Prayer for Relief.  The amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Thus, statutory, civil, and punitive damages, restitution, as well as attorneys' fees, which are sought by Plaintiff, may all be included in the calculation. *See Guglielmino*, 506 F. 3d at 700.  Based on Plaintiff's allegations and prayer, that amount exceeds $75,000.

20. <u>Lost Earnings and Other Employment Benefits</u>.  In his Complaint, Plaintiff requests lost past and future earnings.  *See* Complaint, ¶¶ 32, 42, 54.  At the time of Plaintiff's termination from Siemens on or around June 4, 2022, he was working full-time and earning $ 24.01 per hour. Wolownik Decl., ¶2.  A reasonable estimate of Plaintiff's claimed lost wages from the time of the termination of his employment through trial (i.e., approximately 89 weeks of alleged lost wages), assuming the trial takes place one year from the date of this removal, February 16, 2023, is at least **$85,475.60** based on Plaintiff working full time and earning $24.01 per hour while he was employed. *Id*.; s*ee Chavez*, 888

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

F.3d at 416 (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious" including both past and future lost wages). This amount of potential compensatory damages is solely based on alleged lost wages and does not include lost employment benefits, interest, potential future wages, and the other potential damages Plaintiff seeks, as set forth below, which increases alleged Plaintiff's economic losses.

21. <u>Compensation for Emotional Distress and Related Medical Expenses</u>. Prevailing plaintiffs in wrongful termination actions seek damages for emotional distress. *See Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1098-1100, 824 P.2d 680 (1992). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, Plaintiff seeks emotional distress damages, allegedly resulting from his alleged wrongful constructive termination, discrimination, and retaliation. *See* Complaint, ¶¶ 17, 23, 30 and 42; Prayer ¶ 2. Indeed, Plaintiff alleged that he has suffered and continues to suffer "humiliation, embarrassment and emotional distress..." *Id*.

A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in wrongful termination cases. *See, e.g., Stallworth v. City of Los Angeles*, Los Angeles Sup. Ct., Case No. BC341480 (awarding $100,000 in emotional distress damages on discrimination and retaliation claims). Thus, if Plaintiff is able to prove his claims at trial, it is conservative to estimate that Plaintiff will seek, and the jury may award, **at least $75,000 for emotional distress damages**.

22. <u>Civil Penalties</u>. Plaintiff seeks penalties under California Labor Code sections 98.6 and 1102.5 for Defendant's alleged retaliation against him after he complained of his working conditions and ongoing racial discrimination. Complaint, ¶ 58, 60, 61. As such, Plaintiff alleges that Defendants are liable for $10,000 civil penalty for each violation. *Id.* at 59. In accordance with both of these labor code sections, an employer who violates each statute is liable for a civil penalty of up

to ten thousand dollars ($10,000). Although Siemens denies these claims, assuming Plaintiff recovers the maximum $10,000 penalty for each claim/violation, he would be entitled to **$20,000** in penalties.

24. <u>Punitive Damages</u>.  Plaintiff also seeks punitive damages. Complaint, ¶¶ 33, 43, 55, and Prayer for Relief.  Punitive damages are also recoverable in wrongful termination actions.  *See Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176, 610 P.2d 1330 (1980).  Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").  In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Here, as shown above, Plaintiff is seeking general damages of at least **$160,475.60** ($85,475.60 + $75,000 for emotional distress).  Utilizing the ratio of 2:1 that *State Farm* found to be "instructive" (but without conceding its ultimate propriety for use in this case), **the potential punitive damages award in controversy in this action is approximately $320,951.20** even though Siemens denies that Plaintiff has properly alleged or can ultimately establish the necessary conditions for obtaining exemplary damages.

25. <u>Attorneys' Fees</u>. Plaintiff also seeks to recover attorneys' fees.   Complaint, ¶ 34, 44, 54, Prayer for Relief.  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  Recent authority has clarified that this must include all attorney's fees ***likely to be incurred through trial of an action***.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

Federal courts in California have granted motions for attorney's fees in discrimination cases similar to the instant case for hours ranging from 500 to 1,200. *See e.g., Perona v. Time Warner Cable*, No. EDCV1402501MWFSPX, 2016 WL 8941101, at *12 (C.D. Cal. Dec. 6, 2016) (awarding attorneys' fees in discrimination case for 1,205.3 billed hours in the amount of $742,260); *Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6503308, at *14 (N.D. Cal. Dec. 11, 2013) (awarding attorneys' fees in discrimination case for 502 billed hours in the amount of $386,235); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees in discrimination case for 550 billed hours in the amount of $735,500.50). Accordingly, an extremely conservative estimate of the **attorneys' fees that are likely to be sought in this case is $200,000**.

26.  Based on Plaintiff's allegations and his prayer for relief in which he seeks compensatory and special damages, punitive damages and attorneys' fees, a **reasonable estimate of the amount in controversy is $701.426.80** (85,475.60 + 75,000 + 20,000 + 320,951.20 + 200,000) which far exceeds the $75,000 jurisdictional threshold. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000").

27.  A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Sacramento and served upon all adverse parties as required by 28 U.S.C. section 1446(d), and an appropriate notice of compliance with 28 U.S.C. section 1446(d) also shall be served and filed in the above entitled Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Siemens hereby removes the above-entitled civil action from the Superior Court of the State of California for the County of Sacramento to this Court.

DATED: February 8, 2023

REED SMITH LLP

By: /s/ Jeffrey N. Elkrief
Samantha C. Grant
Jeffrey N. Elkrief
Attorneys for Defendant
SIEMENS MOBILITY, INC.