Samantha C. Grant (SBN 198130)
REED SMITH LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299
Email: sgrant@reedsmith.com

Jeffrey Elkrief (SBN 321030)
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: jelkrief@reedsmith.com

Attorneys for Defendant
SIEMENS MOBILITY, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MARQUIS WALKER, an individual,

Plaintiff,

vs.

SIEMENS MOBILITY, INC., a Delaware corporation; and DOES 1 through 10, Inclusive,

Defendants

Case No.

[Superior Court of California, Sacramento County Case No. 34-2022-00331504-CU-OE-GDS]

**DECLARATION OF JEFFREY ELKRIEF IN SUPPORT OF REMOVAL**

*[Filed concurrently with Civil Cover Sheet, Notice of Removal, Declaration of Tami Wolownik, and Corporate Disclosure Statement]*

Complaint Filed: December 16, 2022
Trial Date: None

I, JEFFREY ELKRIEF, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and before this Court. I am an associate with Reed Smith LLP, attorneys of record for Defendant Siemens Mobility, Inc. ("Siemens"). I submit this declaration in support of Siemens' Notice of Removal. I have personal knowledge of the following facts and, if called and sworn as a witness, could and would testify competently thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint served upon Siemens on January 17, 2023 in the action entitled *Marquis Walker v. Siemens Mobility, Inc., a Delaware corporation; and Does 1 through 10*, *Inclusive*, Case No. 34-2022-00331504-CU-OE-GDS, in the Superior Court of the State of California for the County of Sacramento (the "State Court Action").

3. Attached hereto as **Exhibit B** is a true and correct copy of the Summons served upon Siemens on January 17, 2023 in the State Court Action.

4. Attached hereto as **Exhibit C** is the Notice of Case Management Conference and Order to Appear served upon Siemens on January 17, 2023 in the State Court Action.

5. Attached hereto as **Exhibit D** is a true and correct copy of the Answer Siemens filed and served on February 1, 2023 in the State Court Action.

7. Exhibits A through D constitute true and correct copies of all process, pleadings, and orders in the State Court Action within the meaning of 28 U.S.C. § 1446(a).

Executed on this 8th day of February, 2023, at Los Angeles, California.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

/s/ Jeffrey Elkrief
Jeffrey Elkrief

# EXHIBIT A

FILED
Superior Court Of California, Sacramento
12/16/2022
apenn
By ______________, Deputy
Case Number:
34-2022-00331504

RAFII & ASSOCIATES, P.C.
Robert Montes, Jr. (SBN 159137)
robert@rafiilaw.com
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Telephone: 310.777.7877
Facsimile: 310.777.7855

Attorneys for PLAINTIFF MARQUIS WALKER

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

**THE SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

MARQUIS WALKER, an individual,

PLAINTIFF,

v.

SIEMENS MOBILITY, INC.; and DOES 1 through 10, inclusive,

Defendants.

Case No.

**PLAINTIFF'SCOMPLAINT FOR DAMAGES:**

1. RACIAL DISCRIMINATION;
2. FAILURE TO PREVENT RACIAL DISCRIMINATION; RETALIATION - FEHA [Govt. Code § 12940(h) & Govt. Code §12653];
3. RETALIATION (Lab. Code §98.6 and § 1102.05);
4. CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

**DEMAND FOR JURY TRIAL**

PLAINTIFF, MARQUIS WALKER (hereinafter "WALKER" or "Plaintiff") complains against SIEMENS MOBILITY, INC. and DOES 1 through 10 (collectively "Defendants"), and pleads upon information and belief as follows:

**I.**

**JURISDICTION**

1. This is a civil action seeking recovery of damages for Race Discrimination, Failure to Prevent Race Discrimination and Retaliation in violation of public policy. At all relevant times

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

herein, PLAINTIFF was a resident of California, in the County of Sacramento.

2. The claims, transactions, obligations complained of herein occurred within the County of Sacramento, State of California.

3. Defendants either own, maintain offices, manage, employ individuals, transact business, *i.e.* DEFENDANT services include providing insulation products and services, offers metal foils, blankets, and molded insulators, as well as tooling fabrication, engineering, and warehousing services, has an agent or agents, or live within the County of Sacramento, or otherwise is found within the County of Sacramento and each DEFENDANT is within the jurisdiction of this Court for purpose of service of process.

4. The true names and capacities of the DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF at the time of filing this Complaint and PLAINTIFF therefore, sue said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. PLAINTIFF are informed and believe, and thereon allege, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to PLAINTIFF as herein alleged.

5. At all times herein mentioned, PLAINTIFF alleges that each of the Defendants were the agents, principals, partners, associates, joint venturers, shareholder, director, member, co-conspirator, alter-ego, master, or partner of each of the remaining co-Defendants; that the Defendants, and each of them, were at all times acting within the course, purpose and scope of said agency, partnership, association, joint venture employment and/or conspiracy and that the Defendants, and each of them, were acting with the full knowledge, agreement, authorization, ratification, either express or implied, permission and/or consent of the remaining co-Defendants and are, therefore liable, vicariously and/or otherwise, jointly and severally, for the damages and injury they caused to PLAINTIFF.

6. Defendants, and each of them, are individually, jointly, and severably liable as the employer of PLAINTIFF because each DEFENDANT directly or indirectly, or through an agent or

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

another person, employed or exercised control over PLAINTIFF'S wages, hours, and working conditions. At all times mentioned herein, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein. Furthermore, whenever this Complaint makes reference to "DEFENDANT" or "Defendants," such allegations shall be deemed to mean the acts of Defendants, and each of them, acting individually, jointly, and/or severally.

7. At all times mentioned herein, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as herein alleged.

## II.

## PARTIES

8. PLAINTIFF, MARQUIS WALKER, is over the age of eighteen (18) and a former employee of DEFENDANTS. Plaintiff was initially hired as a Blaster and subsequently held the position of Straightener (I). Plaintiff commenced his employment with Defendants on January 27, 2020.

9. Upon information and belief, PLAINTIFF alleges that SIEMENS MOBILITY, INC., has its corporate headquarters and principal place of business located at One Penn Plaza, suite 1100, New York, New York 10119. SIEMENS MOBILITY, INC. employs 36,800 people worldwide. DEFENDANT'S services include providing rail vehicles, locomotives, components, and systems.

## III.

## VENUE

10. Venue as to each DEFENDANT is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and 395.5 since at least some of the obligations, liabilities, and breaches complained of herein arose or occurred in Sacramento County. Each

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

DEFENDANT either owns, maintains offices, manages, transacts business, has agent or agents, or lives within Sacramento County, or otherwise is found within Sacramento County and each DEFENDANT is within the jurisdiction of this Court for purpose of service of process.

11. The unlawful acts, omissions and violations of the California Fair Employment & Housing Act (hereinafter "FEHA") alleged herein were committed by Defendants in the County of Sacramento, State of California and the amount of damages sought by PLAINTIFF herein exceeds the minimum jurisdictional limits of the Court. Furthermore, on August 15, 2022, PLAINTIFF filed charges against SIEMENS MOBILITY, INC. with the Department of Fair Employment and Housing and received her notification of her right-to-sue on the same date. Attached hereto as **EXHIBIT "A"** and incorporated herein by reference is a true and correct copy of the FEHA right-to-sue letter.

## IV.

## GENERAL ALLEGATIONS

12. Plaintiff was hired as a Blaster by Defendants in 2016, initially as a temporary worker and then he became a permanent worker after approximately 2 ½ years. The majority of individuals working with Plaintiff were Hispanic and Plaintiff was the only African American out of approximately 40 people and Plaintiff was 1 of only 2 African Americans employed by Defendants at the Sacramento facility. Eudz Lebuts was in a management position at the facility and he was the only other African American besides Plaintiff.

13. According to Defendant's online web site, their Sacramento facility employs more than 2,100 people across various sectors, including rail manufacturing and service operations as well as building technologies at the Siemens Mobility's 60-acre facility.

14. Byron Reyes and Jose Novate were lead/managers at the Sacramento facility.

15. Byron Reyes offered Plaintiff a lead position and Plaintiff was in charge of a crew of three (3), training them on how to do their job. Plaintiff was given the crew because he was told that he was going to get the lead position and he even filled out an application for that lead position. Even though Plaintiff was promised the lead position and undertook the work associated with that

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

position, he performed managerial duties and communicated with upper management without receiving manager pay and he was never given the promised lead position.

16. Safety meetings were conducted in Spanish. When manager Jose Novate would explain things to staff, he would communicate in Spanish, making it difficult for Plaintiff to understand what was being asked or instructed.

17. When lead/managers Byron Reyes and Jose Novate got mad at Plaintiff or wanted things to be done, they told Plaintiff that Euds Lebuts was his "dad" or "Tio" because they were both black.

18. Lead/managers Byron Reyes and Jose Novate often made the statements, "have Brown Sugar go do that" or "Brown Sugar will do it" or "have Brown Sugar train him", referring to Plaintiff as "Brown Sugar".

19. Plaintiff advised Defendants of the derogatory names he was being called and he filed a complaint with HR who did an "investigation". During the investigation, Plaintiff met with an individual named Jessie whom Plaintiff is informed and believes has a close relation with Byron Reyes. Plaintiff was shocked when Jessie told Plaintiff, "Well, Euds is not really black, he is just a little darker." Plaintiff asked to speak with an HR Manager.

20. Subsequent to his complaints, Plaintiff was treated differently by management and other staff. They would "mean mug" him, give him dirty looks and nobody would talk to him.

21. When Plaintiff was subjected to this hostile environment, he asked for a transfer to another department. The position for a welder was no longer "available" and he was placed as a "straightener". Subsequent to his complaints and transfer, Plaintiff went to work and sometimes there was "no work" for him and he would just have to sweep the floors for the entire day.

22. In addition to being ostracized and put on floor sweeping duties, even though Defendant's policies required them to give Plaintiff 2-weeks notice before changing his schedule, defendants would text Plaintiff last minute to not come to work.

23. The final insult and retaliation against Plaintiff was a reduction of his work hours from full time, 40-60 hours/week to 1-2 days a week. As a result of this constructive termination,

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

Plaintiff was forced to seek employment elsewhere.

24. PLAINTIFF has suffered financially and emotionally as a result of DEFENDANT'S multiple forms of discrimination, retaliation, and constructive termination.

25. PLAINTIFF now commences this suit against DEFENDANT, and alleges the following:

**V.**

**FIRST CAUSE OF ACTION FOR RACIAL DISCRIMINATION**

**GOVERNMENT CODE § 12940(a)**

**(Against All Defendants)**

26. Plaintiff re-alleges and incorporates paragraphs 1 through 24, inclusive, of this Complaint as though fully set forth herein.

27. Government Code § 12940(a) states that "it is an unlawful employment practice for an employer, **because of the race**, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status **of any person**, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or **to discriminate against the person** in compensation or **in terms, conditions, or privileges of employment**. [emphasis added]

28. PLAINTIFF, at all times relevant hereto, was an "employee" of Defendants, as defined by Government Code § 12926(c), for the purposes of Government Code § 12940(a).

29. Defendants were at all material times "employers," as defined by Government Code § 12926(d) and, as such, were barred from discriminating in employment decisions on the basis of physical disability, as set forth in Government Code § 12940.

30. Defendants discriminated against PLAINTIFF on the basis of his Race, in violation of Government Code § 12940(a), Article I of the California Constitution, and related statutes by engaging in the course of conduct more fully set forth elsewhere herein, including by changing his

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

work assignment with a pay cut to avoid "future incidents" and failing to timely pay PLAINTIFF on at least 3 occasions, and such discriminatory conduct was a substantial factor in causing the harm to PLAINTIFF alleged herein.

31. Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents were themselves guilty of oppression and malice.

32. As a result of DEFENDANTS' unlawful discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which PLAINTIFF is entitled to compensatory damages in an amount to be established according to proof at trial. PLAINTIFF claims such amount together with prejudgment interest pursuant to Civil Code § 3287 or 3288 and any other applicable provision of law.

33. The race discrimination committed by Defendants was intentional, malicious, wanton, and oppressive, with a conscious disregard for PLAINTIFF'S rights and with the intent to vex, injure, punish, and annoy PLAINTIFF so as to cause PLAINTIFF the injuries alleged herein. Such acts amount to oppression and malice, as described in Civil Code § 3294. PLAINTIFF is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

34. As a further direct and proximate result of DEFENDANTS' violation of Government Code § 12940(a), PLAINTIFF has been compelled to retain the services of counsel and will continue to incur legal fees and costs. PLAINTIFF requests an award of such attorneys' fees and costs pursuant to Government Code § 12965(b).

## VI.

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT RACIAL DISCRIMINATION AND HARASSMENT

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

**GOVERNMENT CODE § 12940(k)**

**(Against all Defendants)**

35. PLAINTIFF re-alleges and incorporates paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

36. PLAINTIFF, at all times relevant hereto, was an "employee" of Defendants, as defined by Government Code § 12926(c), for the purposes of Government Code § 12940(k), which makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. The employer's duty to prevent harassment and discrimination is affirmative and mandatory. (Northrop Grumman Corp. v. Workers' Camp. Appeals Bd. (2002) 103 Cal.App.4th 1021, 1035.)

37. As described more fully elsewhere herein, PLAINTIFF was subjected to unlawful discrimination in the course of PLAINTIFF'S employment with Defendants.

38. Defendants failed to take all reasonable steps necessary to prevent the discrimination and harassment suffered by PLAINTIFF, in violation of Government Code § 12940(k), and such failure was a substantial factor in causing the harm to PLAINTIFF alleged herein.

39. Specifically, Defendants failed to take any preventative or ameliorative action against those managers, supervisors, and employees who were discriminating against PLAINTIFF or enabling others to do so based upon his Race. If Defendants have a written policy addressing the issue of discrimination, that policy is not enforced and is consistently disregarded.

40. Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents were themselves guilty of oppression and malice

41. In engaging in the aforementioned conduct, Defendants aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of Government Code § 12940(i) and the announced policy of this State against such practices.

42. As a result of Defendants' failure to prevent the unlawful discrimination

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

described herein, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff claims such amount together with prejudgment interest pursuant to Civil Code § 3287 or 3288 and any other applicable provision of law.

43. The failure of Defendants to prevent the unlawful discrimination suffered by Plaintiff was intentional, malicious, wanton, and oppressive, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein. Such acts amount to oppression and malice, as described in Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

44. As a direct and proximate result of Defendants' Violation of Government Code §12940(k), Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs pursuant to Government Code §12965(b).

**VII.**

**THIRD CAUSE OF ACTION**

**RETALIATION- FEHA [Govt. Code § 12940(h) & Govt. Code §12653**

**(Against All Defendants)**

45. Plaintiff re-alleges and incorporates paragraphs 1 through 43, inclusive, of this Complaint as though fully set forth herein.

46. Government Code section 12940(h) provides that it is an unlawful employment practice "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

47. The Fair Employment and Housing Commission's regulations provide: "It is unlawful for an employer or other covered entity to demote, suspend, reduce, fail to hire or consider for hire, fail to give equal consideration in making employment decisions, fail to treat impartially in the context of any recommendations for subsequent employment which the employer or other covered entity may make, adversely affect working conditions or otherwise deny any employment benefit to an individual because that individual has opposed practices prohibited by the Act or has filed a complaint, testified, assisted or participated in any manner in an investigation, proceeding, or hearing conducted by the Commission or Department or their staffs." (Cal. Code Regs., tit. 2, § 7287.8(a).)

48. Subsequent to his complaints, Plaintiff was treated differently by management and other staff. They would "mean mug" him, give him dirty looks and nobody would talk to him.

49. Retaliation against Plaintiff took the form of a hostile environment which caused PLAINTIFF to request a transfer to another department. The position for a welder was no longer "available" and he was placed as a "straightener". In addition to being treated differently by management, Defendants retaliated against Plaintiff when he went to work and he was told there was "no work" for him and he would just have to sweep the floors for the entire day.

50. In addition to being ostracized and put on floor sweeping duties, Plaintiff alleges on information and belief that even though Defendant's policies required them to give PLAINTIFF 2-weeks notice before changing his schedule, Defendants would text PLAINTIFF last minute to not come to work.

51. The final retaliation against PLAINTIFF was a reduction of his work hours from full time, 40-60 hours/week to 1-2 days a week. As a result of this retaliation and constructive termination, PLAINTIFF was forced to seek employment elsewhere.

52. Under Gov. Code section 12653:

"(a) Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the

terms and conditions of his or her employment because of lawful acts done by the employee, contractor, agent, or associated others in furtherance of an action under this section or other efforts to stop one or more violations of this article.

53. PLAINTIFF was retaliated against and harassed for complaining about FEHA or perceived FEHA violations after asserting his rights as an employee.

54. As a proximate result of DEFENDANTS' conduct, PLAINTIFF has sustained and continues to sustain substantial losses in his earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, in addition to interest, attorneys' fees, and costs, as necessary and according to proof.

55. DEFENDANTS' conduct as described above was willful, despicable, knowing, and intentional; accordingly, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof.

**VIII.**

**FOURTH CAUSE OF ACTION**

**RETALIATION (Lab. Code §98.6 and § 1102.05)**

56. PLAINTIFF hereby incorporates all other paragraphs of this complaint herein as if set forth in full.

57. PLAINTIFF alleges that Labor Code section 98.6 states:

"(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." *(emphasis added)*

58. PLAINTIFF alleges that he was retaliated against after he complained of his working conditions and ongoing racial discrimination.

59. PLAINTIFF alleges that Labor Code section 1102.5(f) states, "In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

60. PLAINTIFF alleges that further that under Labor Code section 1102.5(c), "an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

61. PLAINTIFF alleges that DEFENDANTS' actions described throughout this complaint puts Defendants in violation of Govt. Lab. Code §98.6 and Lab. Code §1102.5.

62. WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## IX.

## FIFTH CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

63. PLAINTIFF hereby incorporates all other paragraphs of this complaint herein as if set forth in full.

64. PLAINTIFF alleges that he was subjected to working conditions that violated public policy, and in that PLAINTIFF was required to work under conditions that were in violation to California Labor Laws, inclusive of being subjected to racial discrimination and retaliation among other things.

65. PLAINTIFF alleges that Defendants intentionally created or knowingly permitted these working conditions.

66. PLAINTIFF alleges that those working conditions were so intolerable that a reasonable person in PLAINTIFFS' position would have had no reasonable alternative except to resign.

67. PLAINTIFF alleges that he complained to Defendants regarding the numerous California Labor Code violations committed by Defendants, however, Defendants ignored PLAINTIFFS' complaints.

68. PLAINTIFF alleges that he was constructively discharged because of these working conditions.

69. PLAINTIFF alleges that he was harmed.

70. PLAINTIFF alleges that the working conditions were a substantial factor in causing PLAINTIFF'S harm.

71. WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

//

//

///

//

//

//

//

//

//

//

//

//

//

//

//

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

(a) For compensatory damages;

(b) For special damages, according to proof;

(c) For mental and emotional distress damages;

(d) For punitive and exemplary damages;

(e) For an award of interest, including prejudgment interest, at the maximum legal rate;

(f) For reasonable attorneys' fees;

(g) For costs of suit; and

(h) For such other and further relief as the Court may deem just and proper.

DATED: December 15, 2022

Respectfully submitted,

**RAFII & ASSOCIATES, P.C.**

By: ______________________________
Robert Montes, Jr.
Attorneys for PLAINTIFF
MARQUIS WALKER

**JURY DEMAND**

PLAINTIFF demands a trial by jury on all issues that may be tried by a jury.

Dated: December 15, 2022

**RAFII & ASSOCIATES, P.C.**

By: ______________________________
Robert Montes, Jr.
Attorneys for PLAINTIFF
MARQUIS WALKER

# EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 15, 2022

Malek Shraibati
9100 Wilshire Boulevard
suite 465E
Beverly Hills, CA 90212

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202208-17927215
Right to Sue: Walker / Siemens Mobility, Inc.

Dear Malek Shraibati:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 15, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202208-17927215
      Right to Sue: Walker / Siemens Mobility, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 15, 2022

Marquis Walker
8915 Great Rock Circle
Sacramento, CA 95829

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202208-17927215
Right to Sue: Walker / Siemens Mobility, Inc.

Dear Marquis Walker:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 15, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION BEFORE THE STATE OF CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING Under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Marquis Walker

DFEH No. 202208-17927215

Complainant,

vs.

Siemens Mobility, Inc.
7464 French Road
Sacramento, CA 95828

Respondents

---

**1.** Respondent **Siemens Mobility, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Marquis Walker**, resides in the City of **Sacramento,** State of **CA.**

**3**. Complainant alleges that on or about **June 3, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race and as a result of the discrimination was forced to quit.

**Additional Complaint Details:** Plaintiff was hired by Defendant Siemens Mobility, Inc., as a Blaster by Defendants in 2016, initially as a temporary worker and then he became a permanent worker after approximately 2 ½ years. The majority of individuals working with Plaintiff were Hispanic and Plaintiff was the only African American out of approximately 40 people and Plaintiff was 1 of only 2 African Americans employed by Defendants at the Sacramento facility. Eudz Lebuts was in a management position at the facility and he was the only other African American besides Plaintiff. According to Defendant's online web site, their Sacramento facility employs more than 2,100 people across various sectors, including rail manufacturing and service operations as well as building technologies at the Siemens Mobility's 60-acre facility. Byron Reyes and Jose

Novate were lead/managers at the Sacramento facility. Byron Reyes offered Plaintiff a lead position and Plaintiff was in charge of a crew of three (3), training them on how to do their job. Plaintiff was given the crew because he was told that he was going to get the lead position and he even filled out an application for that lead position. Even though Plaintiff was promised the lead position and undertook the work associated with that position, he performed managerial duties and communicated with upper management without receiving manager pay and he was never given the promised lead position.

Safety meetings were conducted in Spanish. When manager Jose Novate would explain things to staff, he would communicate in Spanish, making it difficult for Plaintiff to understand what was being asked or instructed. When lead/managers Byron Reyes and Jose Novate got mad at Plaintiff or wanted things to be done, they told Plaintiff that Euds Lebuts was his “dad” or “Tio” because they were both black. Lead/managers Byron Reyes and Jose Novate often made the statements, “have Brown Sugar go do that” or “Brown Sugar will do it” or “have Brown Sugar train him”, referring to Plaintiff as “Brown Sugar”. Plaintiff advised Defendants of the derogatory names he was being called and he filed a complaint with HR who did an “investigation”. During the investigation, Plaintiff met with an individual named Jessie whom Plaintiff is informed and believes has a close relation with Byron Reyes. Plaintiff was shocked when Jessie told Plaintiff, “well, Euds is not really black, he is just a little darker.” Plaintiff asked to speak with an HR Manager.

Subsequent to his complaints, Plaintiff was treated differently by management and other staff. They would “mean mug” him, give him dirty looks and nobody would talk to him. When Plaintiff was subjected to this hostile environment, he asked for a transfer to another department. The position for a welder was no longer “available” and he was placed as a “straightener”. Subsequent to his complaints and transfer, Plaintiff went to work and sometimes there was “no work” for him and he would just have to sweep the floors for the entire day. In addition to being ostracized and put on floor sweeping duties, even though Defendant’s policies required them to give Plaintiff 2-weeks notice before changing his schedule, defendants would text Plaintiff last minute to not come to work. The final insult and retaliation against Plaintiff was a reduction of his work hours from full time, 40-60 hours/week to 1-2 days a week. As a result of this constructive termination, Plaintiff was forced to seek employment elsewhere.

VERIFICATION

I, **Malek H. Shraibati**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On August 15, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Beverly Hills, California**

-3-

*Complaint – DFEH No. 202208-17927215*

Date Filed: August 15, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Exhibit A-Page 26

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
12/19/2022
apenn
By ______________, Deputy
Case Number:
34-2022-00331504

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SIEMENS MOBILITY, INC., and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

MARQUIS WALKER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento County Superior Court
720 9th Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Montes, Jr., Rafii & Associates, P.C., 9100 Wilshire Blvd,, Suite 465E, LA, CA 90212; (310)777.7877

DATE: *(Fecha)* DEC 1 9 2022 Clerk, by *(Secretario)* A. PENN, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Siemens Mobility, Inc.

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit B-Page 28

# EXHIBIT C

Exhibit C-Page 29

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon D Schaber Courthouse<br>PHONE NUMBER: (916) 874-5522 | FOR COURT USE ONLY |
|---|---|
| **SHORT TITLE:** Walker vs. Siemens Mobility, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2022-00331504-CU-OE-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 10/06/2023 in Department 43 in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov/PublicCaseAccess/

**Remote Appearances**
Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 12/19/2022

Thadd A. Blizzard , Judge of the Superior Court

# EXHIBIT D

FILED
Superior Court Of California,
Sacramento
02/01/2023
bprasad1
By ............................, Deputy
Case Number:
34-2022-00331504

Samantha C. Grant (SBN 198130)
Email: sgrant@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Jeffrey N. Elkrief (SBN 321030)
Email: jelkrief@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
SIEMENS MOBILITY, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

GORDON D. SCHABER COURTHOUSE

| | |
|---|---|
| MARQUIS WALKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SIEMENS MOBILITY, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 34-2022-00331504-CU-OE-GDS<br><br>**DEFENDANT SIEMENS MOBILITY INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>[ASSIGNED TO HON. THADD A. BLIZZARD, DEPT. 43]<br><br>Compl. Filed: December 12, 2022<br>Attached Documents: |

BY FAX

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant SIEMENS MOBILITY, INC. ("Defendant") hereby Answers Plaintiff MARQUIS WALKER's ("Plaintiff") unverified Complaint ("Complaint") as follows:

**GENERAL DENIAL**

1. Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, and denies the Complaint as a whole as it relates to Defendant. Defendant further denies, generally and specifically, that Plaintiff has been, is or will be injured or damaged in any amount, or is or will be entitled to any recovery or remedy of any type whatsoever, by reason of any act or omission of Defendant or by anyone acting on Defendant's behalf or at its direction.

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that any of the following are in fact defenses upon which Defendant has any burden of proof as opposed to denials of matters to which Plaintiff has the burden of proof, or that Defendant has any burden of proof at all, Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. The Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. To the extent that any of the conduct alleged in the Complaint occurred prior to the limitations period, Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations including, but not limited to, the one-year statute of limitations under the California Government Code Sections 12960(d) and 12965(b); the two-year statute of limitations applicable to claims for intentional torts contained in California Code of Civil Procedure ("CCP") Section 335.1; the three-year statute of limitations contained in CCP Section 338(a); the one-year statute of limitations contained in CCP Section 340(a); and the four-year "catch all" statute of limitations contained in CCP Section 343.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

3. The Complaint, and each cause of action contained therein, is barred in whole or in part by the equitable doctrine of laches to the extent Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4. Plaintiff is estopped from recovering for any damages, injuries, and/or losses from Defendant as a result of his conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5. The Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

6. The Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Acquiescence/Consent)**

7. Defendant is informed and believes, and based on such information and belief, alleges that Plaintiff's Complaint, and each and every claim therein, is barred because Plaintiff acquiesced or consented to the conduct about which he now complains.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Actual Injuries)**

8. The Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendant's acts, conduct, or omissions as alleged in the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**NINTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

9. The Complaint, and each cause of action contained therein, is barred and/or the alleged damages must be reduced, in whole or in part, by the after-acquired evidence of Plaintiff's misconduct that has been, or may be, discovered.

**TENTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

10. The alleged damages, injuries, and/or losses suffered by Plaintiff, if any, proximately resulted from the negligence of parties, persons, and/or entities other than Defendant, and Defendant's liability, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Economic Damages)**

11. Defendant is informed and believes and on that basis alleges that Plaintiff has failed to make reasonable efforts to mitigate the alleged damages Plaintiff claims to have suffered. Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of Plaintiff's economic damages, and (b) any additional mitigation of Plaintiff's economic damages which with reasonable diligence Plaintiff could have accomplished.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Non-Economic Damages)**

12. Defendant is informed and believes and on that basis alleges that Plaintiff has failed to make reasonable efforts to mitigate the alleged non-economic damages Plaintiff claim to have suffered. Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of Plaintiff's non-economic damages, and (b) any additional mitigation of Plaintiff's non-economic damages which with reasonable diligence Plaintiff could have accomplished.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

13. Plaintiff's damages are barred, in whole or in part, by the doctrine of avoidable consequences, in that among other things, Defendant is informed and believes that Plaintiff failed to pursue avoidable remedies, and bring issues/concerns to Defendant's attention in a timely manner pursuant to Defendant's complaint process.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

14. If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

15. The acts and statements of Defendant herein were privileged, in whole or in part, as a matter of California and/or federal law, including, but not limited to, Article I, Section 2(a) of the California Constitution, and the First and Fourteenth Amendments to the United States Constitution, and therefore cannot give rise to liability herein.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Managerial Discretion)**

16. Plaintiff's claims are barred, in whole or in part, by the doctrine of managerial privilege or immunity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Same Decision)**

17. The Complaint, and each cause of action contained therein, is barred, in whole or in part because, even if the alleged protected status of Plaintiff had played a motivating part in any decision by Defendant regarding Plaintiff's work, which Defendant denies, Plaintiff is not entitled to any damages because Defendant would have made the same decisions even if Plaintiff's alleged protected status had not played a role in the decision.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith/Privilege)**

18. The Complaint, and each cause of action contained therein, is barred, in whole or in part, on the grounds that all actions of Defendant were undertaken with respect to legitimate business interests, in good faith, and/or in the exercise of proper managerial discretion. Accordingly, such actions were privileged.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory/Non-Retaliatory Reasons)**

19. Any actions taken by Defendant with respect to Plaintiff was for legitimate, non-discriminatory and non-retaliatory reasons. If it is found that Defendant's actions were motivated by non-discriminatory and/or non-retaliatory reasons as well as discriminatory and/or retaliatory reasons, the non-discriminatory and non-retaliatory reasons alone would have induced Defendant to make the same decision and take the same actions.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

20. The Complaint, and each cause of action contained therein, is barred, in whole or in part, on the grounds that Plaintiff has failed to exhaust administrative remedies or to comply with the statutory prerequisites to bringing suit contained in the California Fair Employment and Housing Act, California Government Code Section 12900 *et. seq*.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

21. Plaintiff's alleged damages, injuries, and/or losses, if any, were proximately caused and contributed to by Plaintiff's negligence or the negligence of Plaintiff's agents, and, by reason thereof, any recovery by Plaintiff against Defendant must be reduced by an amount equal to the proportionate fault of Plaintiff or Plaintiff's agents pursuant to applicable law.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Intervening Superseding Cause)**

22. Each purported claim in the Complaint is barred, in whole or in part, because the alleged damages, injuries, and/or losses suffered by Plaintiff, if any, were proximately caused by or contributed to by the acts or omissions of other persons and/or entities and/or unavoidable incidents or conditions, without fault on the part of Defendant, which acts, omissions, incidents and/or conditions were an intervening and superseding cause of the alleged damages, injuries, and/or losses, if any.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Outside Course and Scope of Employment)**

23. To the extent any alleged wrongful conduct occurred, which Defendant denies, any alleged wrongful conduct committed by any employees or agents of Defendant was outside the scope and course their respective employment.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Permission/Invitation)**

24. By virtue of Plaintiff's conduct and actions, Plaintiff's claims are barred, in whole or in part, based on the doctrines of express permission, implied permission or invitation.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

25. By virtue of Plaintiff's conduct and actions, Plaintiff's claims are barred, in whole or in party, by the doctrine of assumption of risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

26. If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the loss, injury or detriment was caused and contributed to by the actions of Plaintiff and, as Plaintiff did not exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery

from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive Damages)**

27. Plaintiff has failed to allege facts that support the recovery of any punitive or exemplary damages against Defendant under California Civil Code Section 3294.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Punitive Damages/Penalties Unconstitutional)**

28. Plaintiff is not entitled to recover any punitive or exemplary damages, or any penalties, as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages or penalties under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Conduct Not Contrary to Public Policy)**

29. Any alleged wrongful conduct by Defendant does not constitute conduct in contravention of the public policy of the State of California. Accordingly, neither Plaintiff's Complaint nor each and every claim therein constitutes a cause of action against Defendant.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Mixed Motive-Same Action Regardless of Protected Conduct)**

30. Defendant denies that it discriminated against or retaliated against Plaintiff. However, even assuming that Plaintiff proves Defendant wrongfully discriminated against or retaliated against him, Defendant would have taken the same action if it had not relied upon the unlawful ground.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Authorization, Ratification, Acts outside Scope of Employment)**

31. Defendant did not authorize, direct, or participate in any alleged wrongful conduct. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not aid, abet, counsel, or encourage the alleged act(s). If Defendant's employees committed the acts alleged in Plaintiff's Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and, thus, Defendant is not liable for such acts.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Proximate Cause/Contribution to Emotional Distress)**

32. Defendant alleges that if Plaintiff has suffered any emotional distress (and Defendant denies that Plaintiff has suffered such distress), such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on Defendant's behalf, or either of these.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(ERISA)**

33. Plaintiff is not entitled to recover any compensatory or other monetary damages for any alleged loss of fringe benefits, including medical or retirement benefits, on the ground that the exclusive remedy for such alleged damages is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Frivolous Action)**

34. Plaintiff's Complaint, and each and every claim therein, is frivolous and known by Plaintiff to be frivolous and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant. Accordingly, Defendant is entitled to recover its attorneys' fees and other appropriate costs and expenses.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

35. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available, and it reserves the right to assert additional defenses in the event that investigation or discovery indicate that they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

(1) That Plaintiff take nothing by reason of the Complaint;

(2) That the Complaint be dismissed in its entirety, with prejudice, in favor of Defendant;

(3) That Defendant be awarded its costs of suit incurred herein;

(4) That Defendant be awarded its attorneys' fees incurred herein;

(5) That Defendant be granted such further and other relief as the Court deems just and proper.

DATED: February 1, 2023

REED SMITH LLP

By: [signature]
Samantha C. Grant
Jeffrey N. Elkrief
Attorneys for Defendant
SIEMENS MOBILITY, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 S, Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On February 1, 2023, I served the following document(s) by the method indicated below:

**DEFENDANT SIEMENS MOBILITY INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Robert Montes, Jr.<br>robertgrallilaw.com<br>RAFII & ASSOCIATES, P.C.<br>9100 Wilshire Boulevard, Suite 465E<br>Beverly Hills, California 90212<br>Telephone: 310.777.7877<br>Facsimile: 310.777.7855 | Attorneys for Plaintiff |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 1, 2023, at Los Angeles, California.

Charlyn Jones